**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
|     Jerry C. Hodges, | : | |
|         Debtor. | : | Bankruptcy No. 15-18084-MDC |

# O R D E R

**AND NOW**, upon consideration of the Application for Compensation and Reimbursement of Expenses (the "Application")[1] filed by Young, Marr & Associates (the "Applicant"), counsel to the Debtor, in which the Applicant requests the allowance of compensation in the amount of $3,500.00 and the reimbursement of expenses in the amount $0.00.

**AND**, the Applicant having been paid $1,200.00 by the Debtor prior to the filing of the petition (the "Pre-Paid Amount").

**AND**, upon the Applicant's certification that proper service has been made on all interested parties.

**AND**, upon the Applicant's certification of no response.

**AND**, the Court of Appeals having held that the bankruptcy court "has a duty to review fee applications, notwithstanding the absence of objections by the United States Trustee . . ., creditors, or any other interested party, a duty which . . . derives from the court's inherent obligation to monitor the debtor's estate and to serve the public interest," *In re Busy Beaver Bldg. Centers, Inc*., 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original).

**AND**, the Court of Appeals also having instructed that the bankruptcy courts should not "become enmeshed in a meticulous analysis of every detailed facet of the professional representation [to the point] that the inquiry into the adequacy of the fee assume[s] massive proportions, perhaps even dwarfing the case in chief."

---

[1] Bankr. Docket No. 18.

**AND**, this case involving the representation of a below-median debtor, *see generally* 11 U.S.C. §1325(b) (establishing different standards for measuring plan confirmability depending upon whether the debtor's is above median or below median); Official Form 22C (requiring more financial disclosure from above-median debtors).

**AND**, pursuant to L.B.R. 2016-2(a)(1), the court being authorized to allow counsel fees in chapter 13 cases involving below-median debtors of $3,000.00 based on a "short form application," that does not require an itemization of time.

**AND**, the Applicant electing to file the Application pursuant to L.B.R. 2016-2(a)(1), despite requesting compensation that exceeds the amount the court is authorized to allow in chapter 13 cases involving below-median debtors.

**AND**, the Applicant having failed to file the Application in a form consistent with L.B.R. 2016-3.

It is hereby **ORDERED** that:

1. The Application is **GRANTED IN PART** AND **DENIED IN PART**.

2. Compensation is allowed in favor of the Applicant in the total amount of $3,000.00 and reimbursement of expenses is allowed in favor of the Applicant in the amount of $0.00 (the "Allowed Compensation and Expenses"). *See* L.B.R. 2016-1(f) (governing procedure for disposition of fee applications without a hearing).

3. The Trustee is authorized to distribute to the Applicant the Allowed Compensation and Expenses less the Pre-Paid Amount as an administrative expense pursuant to 11 U.S.C. §§330, 331, 503(b).

Dated: February 27, 2017

MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

Paul H. Young, Esquire
Young, Marr & Associates
3554 Hulmeville Road, Suite 102
Bensalem, PA 19020

2

William C. Miller, Esquire
Chapter 13 Trustee
1234 Market Street, Suite 1813
Philadelphia, PA 19107

United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107