United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                  Case No. 15-18084-mdc
Jerry C. Hodges                                                         Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: Virginia          Page 1 of 1          Date Rcvd: Feb 27, 2017
                             Form ID: pdf900          Total Noticed: 1


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 01, 2017.
db            +Jerry C. Hodges,    4737 Meridian Street,    Philadelphia, PA 19136-3310

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                             TOTAL: 0


            ***** BYPASSED RECIPIENTS *****
NONE.                                                                             TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 01, 2017                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 27, 2017 at the address(es) listed below:
          ANDREW F GORNALL    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION, Et Al...
           agornall@kmllawgroup.com,   bkgroup@kmllawgroup.com
          JOSHUA ISAAC GOLDMAN    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION, Et Al...
           bkgroup@kmllawgroup.com,   bkgroup@kmllawgroup.com
          LEON P. HALLER    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION, Et Al... lhaller@pkh.com,
           dmaurer@pkh.com
          PAUL H. YOUNG    on behalf of Debtor Jerry C. Hodges ykassoc@gmail.com,   ykaecf@gmail.com,
           paullawyers@gmail.com,pyoung@ymalaw.com
          THOMAS I. PULEO    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION, Et Al...
           tpuleo@kmllawgroup.com,   bkgroup@kmllawgroup.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM C. MILLER    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                       TOTAL: 7

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
|     Jerry C. Hodges, | : | |
|         Debtor. | : | Bankruptcy No. 15-18084-MDC |

# O R D E R

AND NOW, upon consideration of the Application for Compensation and Reimbursement of Expenses (the "Application")[1] filed by Young, Marr & Associates (the "Applicant"), counsel to the Debtor, in which the Applicant requests the allowance of compensation in the amount of $3,500.00 and the reimbursement of expenses in the amount $0.00.

AND, the Applicant having been paid $1,200.00 by the Debtor prior to the filing of the petition (the "Pre-Paid Amount").

AND, upon the Applicant's certification that proper service has been made on all interested parties.

AND, upon the Applicant's certification of no response.

AND, the Court of Appeals having held that the bankruptcy court "has a duty to review fee applications, notwithstanding the absence of objections by the United States Trustee . . ., creditors, or any other interested party, a duty which . . . derives from the court's inherent obligation to monitor the debtor's estate and to serve the public interest," *In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original).

AND, the Court of Appeals also having instructed that the bankruptcy courts should not "become enmeshed in a meticulous analysis of every detailed facet of the professional representation [to the point] that the inquiry into the adequacy of the fee assume[s] massive proportions, perhaps even dwarfing the case in chief."

---

[1] Bankr. Docket No. 18.

**AND**, this case involving the representation of a below-median debtor, *see generally* 11 U.S.C. §1325(b) (establishing different standards for measuring plan confirmability depending upon whether the debtor's is above median or below median); Official Form 22C (requiring more financial disclosure from above-median debtors).

**AND**, pursuant to L.B.R. 2016-2(a)(1), the court being authorized to allow counsel fees in chapter 13 cases involving below-median debtors of $3,000.00 based on a "short form application," that does not require an itemization of time.

**AND**, the Applicant electing to file the Application pursuant to L.B.R. 2016-2(a)(1), despite requesting compensation that exceeds the amount the court is authorized to allow in chapter 13 cases involving below-median debtors.

**AND**, the Applicant having failed to file the Application in a form consistent with L.B.R. 2016-3.

It is hereby **ORDERED** that:

1.     The Application is **GRANTED IN PART** AND **DENIED IN PART**.

2.     Compensation is allowed in favor of the Applicant in the total amount of $3,000.00 and reimbursement of expenses is allowed in favor of the Applicant in the amount of $0.00 (the "Allowed Compensation and Expenses"). *See* L.B.R. 2016-1(f) (governing procedure for disposition of fee applications without a hearing).

3.     The Trustee is authorized to distribute to the Applicant the Allowed Compensation and Expenses less the Pre-Paid Amount as an administrative expense pursuant to 11 U.S.C. §§330, 331, 503(b).

Dated:  February 27, 2017

_Magdeline D. Coleman_
_____
MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

Paul H. Young, Esquire
Young, Marr & Associates
3554 Hulmeville Road, Suite 102
Bensalem, PA 19020

2

William C. Miller, Esquire
Chapter 13 Trustee
1234 Market Street, Suite 1813
Philadelphia, PA 19107

United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107